Justin T. Quinn, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
email: jquinn@rwmlegal.com

*Attorneys for Plaintiff*
*Fresenius Kabi USA LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRESENIUS KABI USA, LLC<br><br>Plaintiff,<br><br>v.<br><br>ZYDUS PHARMACEUTICALS (USA) INC.<br><br>Defendant. | Civil Action No. _____ |

**COMPLAINT**

Fresenius Kabi USA, LLC ("Fresenius Kabi"), by its undersigned attorneys, for its complaint against Defendant Zydus Pharmaceuticals (USA) Inc. ("Zydus" or "Defendant"), alleges as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement of U.S. Patent Nos. 9,006,289 ("the '289 patent"), 9,168,238 ("the '238 patent"), and 9,168,239 ("the '239 patent") (collectively, "patents-in-suit"), arising under the United States patent laws, Title 35 United States Code, § 100 *et. seq.*, including 35 U.S.C. §§ 271 and 281. This action relates to Zydus's filing of an Abbreviated New Drug Application ("ANDA") No. 217066 under Section 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration

1

("FDA") approval to manufacture, use, import, offer to sell and/or sell levothyroxine sodium for powder for injection, 100 mcg/vial, 200 mcg/vial, and 500 mcg/vial ("Zydus generic products") before the expiration of the patents-in-suit.

## THE PARTIES

2.      Fresenius Kabi is a corporation organized and existing under the laws of the state of Delaware, having its corporate headquarters at Three Corporate Drive, Lake Zurich, Illinois 60047.

3.      On information and belief, Zydus is a corporation organized under the laws of New Jersey and having its principal place of business located at 73 Route 31 N., Pennington, New Jersey 08534.

## JURISDICTION AND VENUE

4.      This action for patent infringement arises under 35 U.S.C. § 1 *et seq*. generally and 35 U.S.C. § 271 specifically.

5.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.      This Court has personal jurisdiction over Zydus because, upon information and belief, Zydus directly or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district.

7.      This Court has personal jurisdiction over Zydus because, upon information and belief, Zydus directly, or indirectly, develops, manufactures, markets and sells generic drugs throughout the United States and in this judicial district.  Upon information and belief, Zydus maintains it principal place of business in New Jersey and has purposefully conducted and continues to conduct business in New Jersey and, as a result, New Jersey is a likely destination

2

of Zydus's generic products.  Upon information and belief, Zydus has purposefully availed itself of the rights and benefits of the laws of the State of New Jersey, having engaged in systemic and continuous contacts with the State of New Jersey and having consented to the jurisdiction of its state and federal courts.

8.	Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Zydus is incorporated and has its principal place of business in the state of New Jersey. In addition, upon information and belief, Zydus is the holder of ANDA No. 217066, which is the ANDA at issue in this litigation, and upon information and belief the ANDA or substantial portions thereof were prepared in this judicial district and the ANDA was submitted from this judicial district.

## THE PATENTS IN SUIT

9.	The FDA issues a publication entitled Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book").

10.	Fresenius Kabi is the holder of NDA No. 202231 for Levothyroxine Sodium intravenous for intravenous injection, which the FDA approved on June 24, 2011. Fresenius Kabi currently sells Levothyroxine Sodium powder for intravenous injection in the United States.

11.	The '289 patent, entitled "Levothyroxine Formulations," was duly and legally issued on April 14, 2015, naming Zhi-Qiang Jiang, Arunya Usayapant, and George Monen as the inventors. A true and correct copy of the '289 patent is attached hereto as Exhibit A.

12.	Fresenius Kabi is the assignee and lawfully owns all right, title, and interest in the '289 patent, including the right to sue and to recover for infringement thereof.

13.	In accordance with 21 U.S.C. § 355(b)(1), the '289 patent is listed in the Orange Book in connection with approved NDA No. 202231 as a patent claiming the drug products that

are the subject of Fresenius Kabi's New Drug Application ("Fresenius Kabi's NDA Products") or a method of using that drug and "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug."

14. According to the Orange Book, the '289 patent is currently not due to expire until October 3, 2032.

15. The '238 patent, entitled "Levothyroxine Formulations," was duly and legally issued on October 27, 2015, naming John Zhiqiang Jiang, Arunya Usayapant, and George Monen as the inventors. A true and correct copy of the '238 patent is attached hereto as Exhibit B.

16. Fresenius Kabi is the assignee and lawfully owns all right, title, and interest in the '238 patent, including the right to sue and to recover for infringement thereof.

17. In accordance with 21 U.S.C. § 355(b)(1), the '238 patent is listed in the Orange Book in connection with approved NDA No. 202231 as a patent claiming Fresenius Kabi's NDA Products or a method of using that drug and "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug."

18. According to the Orange Book, the '238 patent is currently not due to expire until August 29, 2032.

19. The '239 patent, entitled "Levothyroxine Formulations," was duly and legally issued on October 27, 2015, naming John Zhiqiang Jiang, Arunya Usayapant, and George Monen as the inventors. A true and correct copy of the '239 patent is attached hereto as Exhibit C.

20.     Fresenius Kabi is the assignee and lawfully owns all right, title, and interest in the '239 patent, including the right to sue and to recover for infringement thereof.

21.     In accordance with 21 U.S.C. § 355(b)(1), the '239 patent is listed in the Orange Book in connection with approved NDA No. 202231 as a patent claiming Fresenius Kabi's NDA Products or a method of using that drug and "with respect to which a claim of patent infringement could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale of the drug."

22.     According to the Orange Book, the '239 patent is currently not due to expire until August 29, 2032.

## ZYDUS' ANDA NO. 217066

23.     On information and belief, Zydus submitted ANDA No. 217066 to the FDA under § 505(b)(2) of the Federal Food, Drug and Cosmetic Act, seeking FDA approval to engage in the commercial manufacture, use, importation, offer for sale, or sale of the Zydus generic products. On information and belief, Zydus is the owner of ANDA No. 217066.

24.     Upon information and belief, Zydus's initial ANDA submission only sought approval for a 100 mcg/vial and 500 mcg/vial strengths.

25.     On information and belief, Zydus submitted a certification pursuant to Section 505(b)(2)(A)(iv) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(b)(2)(A)(iv) ("Paragraph IV certification") with its initial ANDA submission asserting that the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the drug product described by Zydus's NDA No. 217066.  On information and belief, Zydus later filed an amendment to its ANDA to add the 200 mcg/vial strength, and with that amended submitted a second Paragraph IV certification asserting that the patents-in-suit are

invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the drug product described by Zydus's NDA No. 217066.

26. On information and belief, if ANDA No. 217066 is approved by the FDA, Zydus will begin marketing the Zydus generic products for treatment of myxedema coma, and doctors and patients will use each of the dosage strengths of the Zydus generic products for that indication.

27. Pursuant to FDA regulation 21 C.F.R. § 314.94, in order to secure FDA approval, each dosage strength of the Zydus generic products must have the same strength as one of the approved dosages for Fresenius Kabi's NDA Products. In addition, the Zydus generic products must be bioequivalent to Fresenius Kabi's NDA Products.

28. Fresenius Kabi received a letter dated February 7, 2022 ("the Notice Letter"), purporting to be a Notice of Paragraph IV Certification for ANDA No. 217066 under Section 505(b)(2)(A)(iv) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(b)(2)(A)(iv). The Notice Letter alleges that the claims of the patents-in-suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the Zydus generic products.

29. In the Notice Letter, Zydus indicated that the active ingredient of Zydus's generic products is levothyroxine sodium and the strengths are 100 mcg/vial and 500 mcg/vial. Zydus also stated that the proposed dosage form of Zydus's generic products is an injection.

30. Fresenius Kabi received a second letter from Zydus dated March 3, 2022 ("the Second Notice Letter"), purporting to be a Notice of Paragraph IV Certification for ANDA No. 217066 under Section 505(b)(2)(A)(iv) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(b)(2)(A)(iv). The Second Notice Letter states that Zydus amended its ANDA to seek approval of a 200 mcg/vial product and alleges that the claims of the patents-in-suit are invalid,

unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the Zydus generic products. Zydus also stated in the Second Notice Letter that the proposed dosage form of Zydus's generic products is an injection.

31. Neither the Notice Letter nor the Second Notice Letter allege or provide any basis for an argument that the '289, '238 or '239 patents are invalid or unenforceable.

32. This action is being commenced before the expiration of forty-five days from the date Fresenius Kabi received the Notice Letter.

33. The Notice Letter and the Second Notice Letter both contained an Offer of Confidential Access ("OCA") for Fresenius Kabi to receive and review Zydus's ANDA.

34. The terms of the OCA offered by Zydus would not have allowed Fresenius Kabi an opportunity to meaningfully review the Zydus ANDA in advance of filing a lawsuit, which is an opportunity afforded to Fresenius Kabi under 35 U.S.C. § 355(j)(5)(C)(i)(III). Therefore, upon receipt of the Notice Letter, counsel for Fresenius Kabi contacted the counsel for Zydus that sent the Notice Letter to negotiate the terms of the OCA.

35. Over several weeks, counsel for Fresenius Kabi proposed modifications of the OCA so that Fresenius Kabi could undertake a meaningful review of the ANDA, or explained how Fresenius Kabi's proposed modifications protected Zydus's ANDA information in much the same way as protective orders in current cases in which Zydus is a party. And while Fresenius Kabi quickly responded to Zydus's letters regarding the terms of the OCA, Zydus was extremely slow to respond to Fresenius Kabi's letters. In fact, Fresenius Kabi served a letter on Zydus regarding the OCA on March 8, and as of the filing of this lawsuit did not receive a response to that letter.

36. Zydus never offered to provide the details of its formulation to Fresenius Kabi for

confidential review independent of the ANDA.  And because Zydus was unwilling to alter the terms of its OCA at all, the parties were unable to agree on the terms of an OCA before the statutory period for filing this lawsuit.

37.     On information and belief, ANDA No. 217066 seeks approval of a generic levothyroxine product that is the same, or substantially the same, as Fresenius Kabi's commercially marketed and approved NDA Products.

38.     On information and belief, if ANDA No. 217066 is approved by the FDA before the expiration of the patents-in-suit, Zydus will begin manufacturing, using, importing, offering for sale, and/or selling Zydus's generic products despite the patents-in-suit.

39.     On information and belief, Zydus was aware of the patents-in-suit when ANDA No. 217066 was submitted to the FDA, containing the above-described Paragraph IV certifications concerning the patents-in-suit.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,006,289

40.     Fresenius Kabi incorporates and realleges paragraphs 1-__ above.

41.     The submission of ANDA No. 217066 was an act of infringement by Zydus of one or more claims of the '289 patent under 35 U.S.C. § 271(e)(2).  In the event that Zydus commercially manufactures, imports, uses, offers for sale, or sells Zydus's generic products, said actions would constitute infringement of the '289 patent under 35 U.S.C. § 271(a).

42.     On information and belief, Zydus's generic products are covered by each claim of the '289 patent.

43.     On information and belief, Zydus's commercial importation, manufacture, use, sale, and/or offer for sale of Zydus's generic products before the expiration of the '289 patent would directly infringe the claims of the '289 patent.

44.     The '289 patent has 21 claims directed to levothyroxine compositions.  Zydus's generic products meet each and every limitation of claims 1-21 of the '289 patent, either literally or under the doctrine of equivalents.

45.     Independent claim 1 of the '289 patent is directed to:

A composition, comprising:
        about 100 or about 200 micrograms of levothyroxine sodium;
        a phosphate buffer; and
        from 2 to 4 milligrams of mannitol,
        where the composition is a lyophilized solid.

46.     Upon information and belief, Zydus's generic products contain each of the elements in claim 1 of the '289 patent, either literally or under the doctrine of equivalents.

47.     Like claim 1, claims 2-21 of the '289 patent are directed to levothyroxine compositions.   Upon information and belief, Zydus's generic products contain each of the elements of claims 2-21 of the '289 patent, either literally or under the doctrine of equivalents.

48.     On information and belief, unless enjoined by this Court, Zydus plans and intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's generic products with its proposed labeling immediately following approval of ANDA No. 217066 and before the expiration of the '289 patent.

49.     Unless enjoined by this Court, upon FDA approval of Zydus's ANDA No. 217066, Zydus will infringe, either literally or under the doctrine of equivalents, one or more of claims of the '289 patent by engaging in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's generic products.

50.     On information and belief, Zydus has been aware of the existence of the '289 patent since before the submission of ANDA No. 217066.

51.     On information and belief, Zydus has no reasonable basis for believing that

9

Zydus's generic products will not infringe one or more valid claims of the '289 patent and no reasonable basis for believing that the infringed claims are invalid.

52.    This case is "exceptional," as that term is used in 35 U.S.C. § 285.

53.    The acts of infringement by Zydus set forth above will cause Fresenius Kabi irreparable harm for which it has no adequate remedy at law, and those acts will continue unless enjoined by this Court.

54.    Fresenius Kabi is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Zydus's ANDA No. 217066 to be a date which is not any earlier than the expiration date of the '289 patent, including any extensions of that date.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 9,168,238

55.    Fresenius Kabi incorporates and realleges paragraphs 1-__ above.

56.    The submission of ANDA No. 217066 was an act of infringement by Zydus of one or more claims of the '238 patent under 35 U.S.C. § 271(e)(2).  In the event that Zydus commercially manufactures, imports, uses, offers for sale, or sells Zydus's generic products, said actions would constitute infringement of the '238 patent under 35 U.S.C. § 271(a).

57.    On information and belief, Zydus's generic products are covered by each claim of the '238 patent.

58.    On information and belief, Zydus's commercial importation, manufacture, use, sale, and/or offer for sale of Zydus's generic products before the expiration of the '238 patent would directly infringe the claims of the '238 patent.

59.    The '238 patent has 30 claims directed to levothyroxine compositions.  Zydus's generic products meet each and every limitation of claims 1-30 of the '238 patent, either literally

10

or under the doctrine of equivalents.

60.    Independent claim 1 of the '238 patent is directed to:

A lyophilized solid composition, comprising:
    about 100 micrograms of levothyroxine sodium;
    a buffer; and
    between 2 to 4 milligrams of mannitol.

Independent claim 21 of the '238 patent is directed to:

A lyophilized solid composition, comprising:
    about 500 micrograms of levothyroxine sodium;
    a buffer; and
    between 2 to 4 milligrams of mannitol.

61.    Upon information and belief, Zydus's generic products contain each of the elements in claim 1 and claim 21 of the '238 patent, either literally or under the doctrine of equivalents.

62.    Like claims 1 and 21, claims 2-20 and 22-30 of the '238 patent are directed to levothyroxine compositions.  Upon information and belief, Zydus's generic products contain each of the elements of claims 2-20 and 22-30 of the '238 patent, either literally or under the doctrine of equivalents.

63.    On information and belief, unless enjoined by this Court, Zydus plans and intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's generic products with its proposed labeling immediately following approval of ANDA No. 217066 and before the expiration of the '238 patent.

64.    Unless enjoined by this Court, upon FDA approval of Zydus's ANDA No. 217066, Zydus will infringe, either literally or under the doctrine of equivalents, one or more of claims of the '238 patent by engaging in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's generic products.

65.    On information and belief, Zydus has been aware of the existence of the '238 patent since before the submission of ANDA No. 217066.

66.    On information and belief, Zydus has no reasonable basis for believing that Zydus's generic products will not infringe one or more valid claims of the '238 patent and no reasonable basis for believing that the infringed claims are invalid.

67.    This case is "exceptional," as that term is used in 35 U.S.C. § 285.

68.    The acts of infringement by Zydus set forth above will cause Fresenius Kabi irreparable harm for which it has no adequate remedy at law, and those acts will continue unless enjoined by this Court.

69.    Fresenius Kabi is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Zydus's ANDA No. 217066 to be a date which is not any earlier than the expiration date of the '238 patent, including any extensions of that date.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 9,168,239

70.    Fresenius Kabi incorporates and realleges paragraphs 1-__ above.

71.    The submission of ANDA No. 217066 was an act of infringement by Zydus of one or more claims of the '239 patent under 35 U.S.C. § 271(e)(2).  In the event that Zydus commercially manufactures, imports, uses, offers for sale, or sells Zydus's generic products, said actions would constitute infringement of the '239 patent under 35 U.S.C. § 271(a).

72.    On information and belief, Zydus's generic products are covered by each claim of the '239 patent.

73.    On information and belief, Zydus's commercial importation, manufacture, use, sale, and/or offer for sale of Zydus's generic products before the expiration of the '239 patent

12

would directly infringe the claims of the '239 patent.

74.    The '239 patent has 15 claims directed to levothyroxine compositions.  Zydus's generic products meet each and every limitation of claims 1-15 of the '239 patent, either literally or under the doctrine of equivalents.

75.    Independent claim 1 of the '239 patent is directed to:

A lyophilized solid composition, comprising:
        between 100 and 500 micrograms of a salt of levothyroxine;
        a buffer; and
        between 2 to 4 milligrams of mannitol.

76.    Upon information and belief, Zydus's generic products contain each of the elements in claim 1 of the '239 patent, either literally or under the doctrine of equivalents.

77.    Like claim 1, claims 2-15 of the '239 patent are directed to levothyroxine compositions.  Upon information and belief, Zydus's generic products contain each of the elements of claims 2-15 of the '239 patent, either literally or under the doctrine of equivalents.

78.    On information and belief, unless enjoined by this Court, Zydus plans and intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's generic products with its proposed labeling immediately following approval of ANDA No. 217066 and before the expiration of the '239 patent.

79.    Unless enjoined by this Court, upon FDA approval of Zydus's ANDA No. 217066, Zydus will infringe, either literally or under the doctrine of equivalents, one or more of claims of the '239 patent by engaging in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zydus's generic products.

80.    On information and belief, Zydus has been aware of the existence of the '239 patent since before the submission of ANDA No. 217066.

81.    On information and belief, Zydus has no reasonable basis for believing that

13

Zydus's generic products will not infringe one or more valid claims of the '239 patent and no reasonable basis for believing that the infringed claims are invalid.

82.    This case is "exceptional," as that term is used in 35 U.S.C. § 285.

83.    The acts of infringement by Zydus set forth above will cause Fresenius Kabi irreparable harm for which it has no adequate remedy at law, and those acts will continue unless enjoined by this Court.

84.    Fresenius Kabi is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Zydus's ANDA No. 217066 to be a date which is not any earlier than the expiration date of the '239 patent, including any extensions of that date.

**PRAYER FOR RELIEF**

WHEREFORE, Fresenius Kabi respectfully requests the following relief:

A.    Judgment in favor of Fresenius Kabi and against Zydus;

B.    Judgment, pursuant to 35 U.S.C. § 271(e)(2) and 35 U.S.C. § 271(a), that Zydus has infringed, literally or by the doctrine of equivalents, the '289 patent, the '238 patent, and the '239 patent by the submission of ANDA No. 217066, and that the importation, sale, offer for sale, use, and/or manufacture of Zydus's generic products, in the United States, would infringe the '289 patent, the '238 patent, and the '239 patent;

C.    Judgment, pursuant to 35 U.S.C. § 271(e)(4)(A) and other provisions of 35 U.S.C. § 271, that the effective date of approval of ANDA No. 217066 shall be a date not earlier than the date of expiration of the '289 patent, the '238 patent, and the '239 patent plus any additional periods of exclusivity;

D.      A preliminary and permanent injunction, pursuant to 35 U.S.C. §§ 271 and 283 and Federal Rule of Civil Procedure 65, enjoining Zydus and its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any Zydus' generic products, and any product that is similar to or only colorably different from those products, before the date of expiration of the '289 patent, the '238 patent, and the '239 patent and any additional periods of exclusivity;

E.      A declaration that this is an exceptional case and an award to Fresenius Kabi of its reasonable attorneys' fees and expenses, as provided by 35 U.S.C. §§ 271(e)(4) and 285;

F.      Damages or other monetary relief, including prejudgment interest, if Zydus engages in the commercial manufacture, use, offering to sell, sale, marketing, distribution, or importation of Zydus's generic products, or any other products that would infringe the '289 patent, the '238 patent, and the '239 patent prior to the expiration of the '289 patent, the '238 patent, and the '239 patent;

G.      An award of pre-judgment and post-judgment interest on each and every award;

H.      An award of Fresenius Kabi's taxable costs in bringing and prosecuting this action; and

I.      Such other and further relief to Fresenius Kabi as this Court may deem just and proper.

OF COUNSEL:

Imron T. Aly
Kevin M. Nelson
Matthew T. Wilkerson
ARENTFOX SCHIFF LLP
233 S. Wacker Dr., Suite 7100
Chicago, IL 60606
(312) 258-5500

Ahmed M.T. Riaz
ARENTFOX SCHIFF LLP
1185 Avenue of the Americas
Suite 3000
New York, NY 10036


Dated: March 25, 2022

s/ Justin T. Quinn
Justin T. Quinn, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
email: jquinn@rwmlegal.com


*Attorneys for Plaintiff Fresenius Kabi USA, LLC*

16